# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

| | |
|---|---|
| STACEY AULTMAN, *et al.* | CIVIL ACTION NO. 3:16-CV-01767 |
| VERSUS | JUDGE JAMES |
| VIJAY MAGGIO, *et al.* | MAGISTRATE JUDGE PEREZ-MONTES |

## JURISDICTIONAL REVIEW FINDINGS

Before the Court is a Complaint removed from a Louisiana state court by Defendants Amanda Schafer, Vijay Maggio, and Biotronics National, LLC. Defendants premise federal jurisdiction on diversity of citizenship.

At the time of removal, the Plaintiffs were Stacey Aultman and Heather Aultman, and Defendants were Vijay Maggio, Amanda Schaefer, and Biotronics National, LLC.[1]  After removal, O'Reilly Auto Parts and Ace American Insurance Corp. intervened (Docs. 28, 32).

Defendants and Intervenor-Plaintiffs were ordered to show the citizenship of all parties to support diversity jurisdiction (Doc. 43).

Plaintiffs Stacey Aultman and Heather Aultman are Louisiana residents.

Defendants show that Defendant Biotronics National, LLC is a limited liability company whose sole member is Calder Development Associates, Inc., which was

---

[1] Defendant St. Francis Medical Center, Inc. was dismissed without prejudice. (Doc. 27).

Walter Sartor is erroneously listed as a Defendant in the docket sheet caption and in the note dated 8/2/2016.  Sartor is not a defendant in this action, and was not a defendant in the Louisiana court action.  Sartor was named in a complaint filed with the Louisiana Compensation Fund Oversight Board (which is attached to the Louisiana court pleadings), but was not named in the Louisiana court action.  Sartor's name should be removed from the docket.

incorporated in Michigan and has its principal place of business in Michigan (Doc. 43). Therefore, Defendant Biotronics National, LLC is a citizen of Michigan.[2]

Defendant Dr. Vijay Maggio is a citizen of New Jersey, and Defendant Amanda Schaefer is a citizen of Florida.

O'Reilly Auto Parts is an Intervenor-Plaintiff (Doc. 28). Apparently, "O'Reilly Auto Parts" is a misnomer and, according to the corporate disclosure statement, the correct name is actually "O'Reilly Automotive Stores, Inc." O'Reilly Automotive Stores, Inc. was incorporated in Missouri and has its principal place of business in Missouri (Doc. 43).

Defendants also show that Intervenor-Plaintiff ACE American Insurance Company ("ACE") was incorporated in Delaware and has its principal place of business in Pennsylvania (Doc. 43).

---

[2] Defendants also show that, after removal, Calder Development Associates, Inc. was "merged" into Impulse Monitoring, Inc. (now called NuVasive Clinical Services Monitoring, Inc.), which was incorporated in Delaware and has its principal place of business in Maryland (Doc. 43). However, the change of a party's citizenship after commencement does not affect this court's diversity jurisdiction, which is determined by the citizenship of the parties at commencement of the suit, not by their citizenship at removal. Although diversity is to be determined at removal by the pleadings, the pleadings must demonstrate that the parties were diverse at the time of commencement in state court, even if the original petition failed to demonstrate that the parties were diverse. If the parties are not diverse at commencement, and one of them moves, creating diversity, the case cannot be removed because diversity did not exist at commencement. Scott v. Communications Services, Inc., 762 F. Supp. 147, 151 (S.D. Tex. 1991), aff'd, 961 F. 2d 1571 (5th Cir. 1992). This rule on removal is an extension of that applied in cases that are commenced originally in federal court. Diversity must exist when the plaintiff files the case. Scott, 762 F. Supp. at 151.

A narrow exception to the requirement of diversity at both commencement and removal exists. A suit against both a non-diverse defendant and a diverse defendant may become removable by the diverse defendant if the plaintiff voluntarily dismisses the action against the non-diverse defendant with prejudice, because there is no risk that diversity will later be destroyed. Scott, 762 F. Supp. at 151. This exception does not apply if the non-diverse defendant is involuntarily dismissed by the court, because, although complete diversity will exist temporarily, the district court's diversity jurisdiction may ultimately be destroyed if the plaintiff appeals the dismissal and wins. Scott, 762 F. Supp. at 151.

Accordingly, diversity jurisdiction is established. No further action is necessary at this time.

The Clerk of Court is directed to remove William Sartor's name from the docket sheet, since it was included in error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this <u>25th</u> day of May, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge