UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BILLY MELDER | CIVIL ACTION NO. 1:16-CV-01767 |
| VERSUS | CHIEF JUDGE DRELL |
| LARRY BRITTAIN, *et al.* | MAGISTRATE JUDGE PEREZ-MONTES |

## JURISDICTIONAL REVIEW FINDINGS

Before the Court is a Complaint removed from a Louisiana state court by Defendants Larry Brittain, Deem Structural Services, L.L.C., American Alternative Insurance Corporation, and Shelter Mutual Insurance Company. Defendants premise federal jurisdiction on diversity of citizenship. Defendants were ordered to show the citizenship of each party (Doc. 18).

I. <u>The parties to the action.</u>

Plaintiff Billy Melder is a Louisiana resident.

Defendant Larry Brittain is a Texas resident.

Defendants show that Shelter Mutual Insurance Company is a Missouri corporation with its principal place of business in Missouri.

Defendants show that American Alternative Insurance Corporation is a Delaware corporation with its principal place of business in New Jersey.

Defendants show that Deem Structural Services, L.L.C. is a limited liability company owned by David Deem, a resident of Texas, and Renfro Street Holdings, Ltd. a limited partnership. The partners in Renfro Street Holdings, Ltd. are: Basden Management, L.L.C., which is owned by Bruce Baden, a Texas resident; The Bruce

Basden Family 2014 Irrevocable Trust (the sole beneficiary is Bruce Basden, a Texas resident); The Daniel S. Basden Family 2012 Irrevocable Trust (the sole beneficiary is Daniel Basden, a Texas resident); The 2014 Kyle Basden Family Irrevocable Trust (the sole beneficiary if Kyle Basden, a Texas resident); the 2014 Alex J. Basden Family Irrevocable Trust (the sole beneficiary if Alex Basden, a Texas resident); The 2014 Simon L. Basden Family Irrevocable Trust (the sole beneficiary is Simon Basden, a Texas resident); Linda Webb, a Texas resident; Michael Linch, a Texas resident; and Benjamin McGregor, an Oklahoma resident (Doc. 28). Therefore, Deem Structural Services, L.L.C is a citizen of Texas, Oklahoma, and wherever the "trusts" have citizenship.

II.  Citizenship of a trust.

The "citizens" upon whose diversity a party grounds jurisdiction must be real and substantial parties to the controversy. See Navarro Savings Association v. Lee, 446 U.S. 458, 460 (1980). A federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy. See Navarro Savings Association, 446 U.S. at 461; see also Fed. R. Civ. P. 17(a).

Traditionally, a trust is not considered a distinct legal entity, but a "fiduciary relationship" between multiple people. See Americold Realty Trust v. Conagra Foods, Inc., 136 S.Ct. 1012, 1016 (U.S. 2016). Trusts do not have "members." Rather, a trust exists where a settlor transfers title of property to a trustee to hold in trust for the benefit of beneficiaries. See Hometown 2006-1 1925 Valley View, L.L.C. v. Prime Income Asset Mgmt., L.L.C., 847 F.3d 302, 307 (5th Cir.2017) (citing Americold, 136

S.Ct. at 1016). A trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others. See Navarro Sav. Ass'n, 446 U.S. at 464 (citing Bullard v. Cisco, 290 U.S. 179, 189 (1933).

However, many States have applied the "trust" label to a variety of unincorporated entities that have little in common with the traditional trust template. Since such an entity is unincorporated, it possesses the citizenship of all its members. See Americold Realty Trust, 136 S.Ct. at 1016 (citing C.T. Carden v. Arkoma Associates, 494 U.S. 185, 195 (1990)).

In Morrissey v. Commissioner of Internal Revenue, 296 U.S. 344, 357 (1935), the Supreme Court explained the difference between an ordinary trust and a business trust or association:

> The nature and purpose of the cooperative undertaking will differentiate (the association) from an ordinary trust. In what are called "business trusts," the object is not to held and conserve particular property, with incidental powers, as in the traditional type of trusts, but to provide a medium for the conduct of a business and sharing its gains. Thus a trust may be created as a convenient method by which persons become associated for dealings in real estate, the development of tracts of land, the construction of improvements, and the purchase, management and sale of properties . . . where those who become beneficially interested, either by joining in the plan at the outset, or by later participation according to the terms of the arrangement, seek to share the advantages of a union of their interests in the common enterprise.

See also Lincoln Associates, Inc. v. Great Am. Mortgage Investors, 415 F. Supp. 351, 354 (N.D. Tex. 1976); Lawrin Mortgage Investors v. Riverdrive Mall, Inc., 392 F. Supp. 97, 100 (S.D. Tex. 1975). Distinguishing characteristics of a business trust include: (1) a trust created and maintained for a business purpose; (2) title to property

held by a trustee; (3) centralized management; (4) continuity uninterrupted by death of beneficial owners; (5) transferable certificates of interest; and (6) limited liability. See In re Hemex Liquidation Trust, 129 B.R. 91, 97 (Bankr. W.D. La. 1991) (citing Morrissey, 296 U.S. at 360).

Defendants have not shown whether: (1) The Bruce Basden Family 2014 Irrevocable Trust; (2) The Daniel S. Basden Family 2012 Irrevocable Trust; (3) The 2014 Kyle Basden Family Irrevocable Trust; (4) The 2014 Alex J. Basden Family Irrevocable Trust; and (5) The 2014 Simon L. Basden Family Irrevocable Trust are traditional trusts or are business trusts (unincorporated entities). If any of them are traditional trusts, Defendants must show the citizenship of their trustees. If any of them business trusts, Defendants must show the citizenship of their members/owners.

III. Conclusion and Order

Therefore, diversity still has not been shown.

The Clerk of Court is DIRECTED to serve a copy of this order upon all Defendants IMMEDIATELY.

IT IS ORDERED that, no later than June 9, 2017, Defendants SHALL FILE a Supplemental Jurisdictional Memorandum setting forth the nature of the trusts and their citizenship.

IT IS FURTHER ORDERED that Plaintiff may file a response no later than June 16, 2017.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 26th day of May, 2017.

                                                              Joseph H.L. Perez-Montes
                                                              United States Magistrate Judge